UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEING CHAO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SHASTA, a municipal corporation; Agent TYLER FINCH, of the Shasta County Interagency Narcotics Task Force; and DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | No. 2:21-cv-01819-MCE-DMC<br><br>**MEMORANDUM AND ORDER** |

　　　　Through the present lawsuit, Plaintiff Seing Chao ("Plaintiff") alleges that she sustained injuries and damages because of a faulty search warrant obtained by the Shasta Interagency Narcotics Task Force ("SINTF"), a collaborative effort to reduce narcotics within Defendant Shasta County ("County"). According to the currently operative First Amended Complaint ("FAC"), ECF No. 9, SINTF is headed by the County's Sheriff's Office and is comprised of representatives from that office, the Shasta County Probation Department, the police departments of the cities of Redding and Anderson, and the California Highway Patrol. FAC, ¶ 6. Plaintiff avers that SINTF "functions as an informal association of these component members setting joint policies and practices for conducting drug investigations and raids." Id. at ¶ 7.

The FAC asserts nine separate claims for relief, including six causes of action for violations of the Fourth Amendment to the United States Constitution under 42 U.S.C. § 1983 as well as state common law claims for battery and for negligent use of force. Federal jurisdiction is premised on 28 U.S.C. § 1331 given Plaintiff's assertion of § 1983 claims.

Presently before the Court is Defendant County's Motion to Dismiss (ECF No. 12) the three causes of action asserted against it under § 1983, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), on grounds that Plaintiff's FAC fails to state viable claims. As set forth below, Defendant's Motion is GRANTED.

## BACKGROUND[1]

On or about August 19, 2020, a judge of the Shasta County Superior Court issued a search warrant for four properties located at 22350 Old Alturas Road, 10508 Hobbie Acres Drive, 10493/10491 Daysha Way in Redding, California, and 4741 Fowl Lane in Anderson, California. Search Warrant and Affidavit, attached to Pl.'s FAC at ECF 9-2. The warrant was premised on a probable cause affidavit prepared by Defendant Todd Finch, a peace officer with the City of Anderson and an agent with SINTF.

Plaintiff and her husband, Yoon Chao, own the Old Alturas Road property and lived there. The Chaos further owned a limited liability company that held title to the other three properties encompassed by the search warrant, which are rentals. According to Defendant Finch's probable cause affidavit, during an August 14, 2020, aerial surveillance flight he "observed active marijuana grows" on three of the four properties enumerated in the affidavit. FAC, ¶ 15, citing Warrant, at 1. With respect to the Old Alturas Road property where the Chaos resided, Finch stated that he "could see one large greenhouse that contained numerous green bush plants," and that based on

---

[1] Unless otherwise indicated, the facts set forth in this section are taken, at times verbatim, from the allegations contained in Plaintiff's FAC, ECF No. 9.

his "training and experience" he recognized those plants as marijuana well over any legal amount. Id. at ¶ 16, citing Warrant at 16.

While not disputing that tenants at their rental properties could have been growing marijuana in violation of County ordinances, the Chaos claimed they never grew any marijuana at their Old Alturas Road residence and instead cultivated exotic plants and trees that Finch negligently misidentified as marijuana even though their greenhouse was constructed of clear plastic unlike those employed by clandestine growers of illegal marijuana. Nonetheless, based on Finch's errors in both ground and aerial surveillance of the property, he obtained a search warrant for the Chaos' home which was executed on August 20, 2020.

Upon arrival at the Old Alturas Road property, SINTF personnel, including Defendant Finch, immediately handcuffed Plaintiff, her husband, and three other individuals. Although Plaintiff warned agents that due to a disability, she could not walk quickly or move backwards, an unidentified SINTF agent, named in the complaint as Doe 1, nonetheless demanded she walk backwards when moving her to a central location on the property. Doe 1 allegedly "yanked [Plaintiff] with great force" when she was unable to keep up with his pace, causing Plaintiff to fall, land on her buttocks, and break her spine in two locations. FAC, ¶ 23. Although Defendant Finch witnessed the fall along with other SINTF agents, no one checked on her condition or summoned medical help. To the contrary, Doe 1 allegedly proceeded to kick Plaintiff in the lower back in an effort to make her get up.

The search of the greenhouse revealed it was indeed stocked only with well-established exotic plants and trees, with no evidence of marijuana being found despite Finch's probable cause affidavit that it was "full" of the substance.

Plaintiff asserts that as a result of the spinal fractures she suffered she had to remain in orthopedic braces for months and still cannot sit for more than short lengths of time because of ongoing pain.

///

As pleaded against Defendant Shasta County, Plaintiff's FAC contains three causes of action brought under the auspices of 42 U.S.C. § 1983 for Fourth Amendment violations. Those claims stem from theories of public entity liability recognized by the Supreme Court in Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978), and in subsequent decisions interpreting and extending Monell. Under Monell and its progeny, a public entity can be directly liable to an injured plaintiff for constitutional deprivations caused by the entity's policies, practices and customs. More specifically, the Second Claim for Relief alleges that SINTF agents acted "pursuant to Shasta County's widespread and longstanding policy, practices, and customs of using excessive force against search warrant detainees." FAC, ¶ 80. That cause of action alternatively claims that Shasta County's training policies were inadequate to prevent the excessive force inflicted upon Plaintiff. The Fourth Claim for Relief similarly asserts that in the face of the excessive force facilitated by Shasta County, the County was deliberately indifferent to the injuries and damages sustained by Plaintiff. Finally, by way of the Sixth Claim, Plaintiff asserts that the County's policies, practices and customs in seeking warrants not supported by probable cause also contributed to Plaintiff's injuries and damages.

In now moving to dismiss, the County argues that to prevail on Plaintiff's so-called Monell claims, Plaintiff must show not only facts tending to establish the alleged custom and practice, but also demonstrate that said practices were the "moving force" behind the alleged violations. The County claims that Plaintiff's allegations as presently constituted fail to meet those prerequisites. Plaintiff further asserts that because Defendant Finch was employed by the Anderson Police Department, to the extent Finch's actions were shaped by the training policies, and customs of his employer, that employer was not Shasta County in any event.

///
///
///
///

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."

Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to \grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. Section 1983 Claims

With respect to Plaintiff's § 1983 claims against the County of Shasta, a public entity like the County is subject to liability for the violation of a federally-protected right that can be attributed to 1) an express municipal policy like an ordinance, regulation or policy statement (Monell v. New York City Dept. of Social Servs., 436 U.S. at 691; 2) a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the

force of law" (City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); 3) the decision of a person with "final policymaking authority" (id. at 123); or 4) inadequate training that is deliberately indifferent to an individual's constitutional rights (City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

In pleading a § 1983 claim against a public entity under one or more of the above theories, the Ninth Circuit has made it clear that the standards articulated by the Supreme Court in Twombly and Iqbal apply. AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012). As Iqbal noted, threadbare allegations of a cause of action's requirements, supported by mere conclusory statements, must be ignored, with only "well pleaded factual allegations" being sufficient to withstand pleading inquiry. Ashcroft v. Iqbal, 556 U.S. at 678-79. Iqbal's directive has been extended in the context of municipal liability claims to require specific factual averments, including both identifying the challenged policy/custom, delineating how the policy/custom at issue was deficient, and identifying how any deliberate indifference occasioned thereby harmed the plaintiff. See Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

As indicated above, Plaintiff's claims here are predicated both upon the County's alleged customs and practices, and its purported failure to properly train its staff. The factual support for those allegations, however, is amorphous. Plaintiff contends that the County has "a policy of discouraging the cultivation of marijuana. . . through the use of heavy-handed tactics, including abusive search warrants that are not supported by probable cause and searches, seizures, and detentions that violate the Fourth Amendment and other law." FAC, ¶ 52. Plaintiff further alleges that "Shasta County . . . failed to train, failed to supervise, failed to discipline, and failed to adequately screen the agents who participate in SINTF so that they were aware of the limits of actions they could take when investigating marijuana cultivation, would not make false statements in affidavits of probable cause in support of search warrants, and would not use force that is excessive in light of the circumstances." Id. at ¶ 58.

In the Second and Fourth Claims in particular, Plaintiff alleges that the County

had "widespread and longstanding policy, practices and customs of using excessive force against search warrant detainees" and that the County's "training policies were inadequate with respect to the use of such excessive force as to detainees." FAC, ¶¶ 80-81, 100-01. In the Sixth Count, Plaintiff further contends that the County's training policies "were not adequate to prevent violation of law" with respect to "the identification of marijuana and the preparation of related warrant affidavits." Id. at ¶ 124. In all three claims asserted against the County, Plaintiff alleges that "Shasta County took no steps to appropriately discipline, remediate, counsel, retrain or otherwise correct its employees and servants with respect to the safe and appropriate use of law enforcement procedures regarding the remote and onsite investigation of and entry upon a person's property and the detention of persons on the property." Id. at ¶¶ 84, 104, 127.

As the County notes, the "policy, practices and customs" set forth in the FAC are vague, unsupported by factual specifics, and largely simply track the elements for stating a Monell claim. Nor is there any further specificity as to the lack of training: for the most part, Plaintiff's allegations can be reduced to the claim that because Finch and the other officers allegedly violated Plaintiff's rights, inadequate training must be the cause. This is insufficient under Iqbal, which as stated above requires specific factual averments that transcend simple legal conclusions. Beyond the contention that the County had a policy of discouraging the cultivation of marijuana through the use of heavy-handed tactics (id. at ¶¶ 82, 102, 125), little else is provided to support the requisite custom and practice. Nor does Plaintiff state what training the agents received, why that training was inadequate, or why the training created obvious risks.

In addition, Plaintiff's attempt to impose liability on the County here rests upon a single specific instance of allegedly unconstitutional behavior in obtaining and executing the search warrant against Plaintiff's home. An adequately pleaded claim under Monell generally cannot be predicated upon such a single instance. See, e.g., City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) ("a single incident of unconstitutional activity is not sufficient to impose liability under Monell."); Christie v.

1  Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999); ("A single constitutional deprivation ordinarily

2  is insufficient to establish a longstanding practice or custom."). While Plaintiff vaguely

3  alleges that SINTF engaged in "repeated misdeeds" (see FAC at ¶ 62), those allegations

4  are factually insufficient in the absence of any information as to what those alleged

5  misdeeds were, how and when they occurred, or how similar they were to the

6  circumstances of the present matter.

7  While the FAC also asserts that the County is liable for Defendant Finch's conduct

8  because he was somehow the "final policymaker for the County" in obtaining the warrant

9  and executing the search (see id. at ¶ 61), that argument fares no better. Finch was not

10  even an employee of the County, and the fact that the County may have spearheaded

11  SINTF does not convert Finch into the County's "final policymaker" even if he was, as

12  Plaintiff alleges, the "acting commander" for SINTF. There are no facts suggesting that

13  the County's affiliation with SINTF anoints SINTF with the County's last word on drug

14  enforcement policy, as opposed to other responsible officials directly working for the

15  County itself.[2]

## CONCLUSION

19  For all the above reasons, Defendant's Motion to Dismiss (ECF No. 12) is

20  GRANTED, with leave to amend.[3] If Plaintiff wishes to file a Second Amended

21  Complaint, she is directed to do so not later than twenty (20) days following the date this

22  Memorandum and Order is electronically filed. Failure to timely file an amended

23  pleading will result in dismissal of the claims already dismissed by this Order, with

---

[2] The County also argues Defendant Finch's conduct can have no bearing whatsoever on its potential liability under Monell simply because he was employed by the City of Anderson and not by the County of Shasta. That argument is unpersuasive. Given the FAC's allegation that the County, through its Sheriff's Department, "heads up" SINTF and presumably exerts some control over its operation, Officer Finch's conduct could be relevant to the County's liability under a properly stated set of facts.

[3] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to E.D. Cal. Local R. 230(g).

1  prejudice and without further notice to the parties.
2       IT IS SO ORDERED.
3
4  Dated: September 14, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE