UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEING CHAO,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SHASTA, a public entity; AGENT TYLER FINCH, of the Shasta County Interagency Narcotics Task Force; DEANNE ELLIOT; and DOES 1 to 10, inclusive,<br><br>    Defendants. | No. 2:21-cv-01819-MCE-DMC<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, Plaintiff Seing Chao ("Plaintiff") alleges that she sustained injuries as a result of the execution of a faulty search warrant obtained by the Shasta Interagency Narcotics Task Force, a collaborative effort to reduce narcotics within Defendant Shasta County ("County"). The Court previously granted with leave to amend a motion to dismiss Plaintiff's First Amended Complaint filed by the County. Plaintiff timely filed a Second Amended Complaint ("SAC"), dropping her original claims against the County relating to the use of force and the identification of marijuana and adding new claims for retaliatory prosecution against both the County and a new defendant, Deputy District Attorney DeAnne Elliott. The County and Ms. Elliot now move to dismiss those new claims as well. ECF Nos. 27, 32.[1] For the following reasons, both

---

[1] The County's Motion is fully briefed, but Plaintiff failed to file an opposition to Ms. Elliot's Motion.

1

1  Motions are GRANTED.[2]

2      First, as a threshold matter, because Plaintiff chose not to replead the causes of action dismissed by way of the Court's last order, those original claims are hereby DISMISSED with prejudice. Second, Plaintiff did not seek leave of the Court to add new claims or parties. The claims at issue here are thus improperly before the Court and subject to dismissal on that basis as well. Third, even if that were not the case, Plaintiff's new claims are flawed as a matter of law because under the circumstances alleged: (1) prosecutors are classified as officers of the state as opposed to a county; and (2) they are entitled to absolute immunity. See Pekin v. Cnty. of San Benito, No. C05-05402 HRL, 2008 WL 440581, at *6 (N.D. Cal. Feb. 15, 2008). Accordingly, both causes of action must be DISMISSED on this basis as well.

    For the reasons set forth above, both Motions to Dismiss (ECF Nos. 27, 32) are GRANTED with final leave to amend.[3] Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint.[4] If no amended pleading is timely filed, the causes of action

---

[2] On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

    A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).

[3] Having determined that oral argument would not be of material assistance, the Court ordered the Motions submitted on the briefs pursuant to E.D. Cal. Local R. 230(g).

[4] Plaintiff is permitted to re-plead the causes of action set forth in the SAC against the defendants already included. No new claims or parties shall be added absent further leave of Court.

dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: February 1, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE